*E-FILED 05-27-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| QUIA CORPORATION, | No. C10-01902 JF (HRL) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY** |
| v. | |
| MATTEL, INC. and FISHER-PRICE, INC., | |
| Defendants. | **[Re:  Docket No. 17]** |

Plaintiff Quia Corporation ("Quia") claims that it is the registrant and owner of the federally registered trademark "IXL," reportedly "used in commerce for online educational services in the fields of math, science, and language development for students in the pre-elementary stages of development through the sixth grade and beyond."  (Docket No. 1, Verified Complaint at pp. 1-2).  Quia alleges trademark infringement as to the new Fisher-Price iXL product soon to be released by defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc., Mattel's wholly-owned subsidiary.  Quia has filed a motion seeking an immediate temporary restraining order and, then, a preliminary injunction.  The motion for preliminary injunction reportedly has been set for a July 9, 2010 hearing before Judge Fogel.

Defendants now move this court for leave to conduct expedited discovery in connection with Quia's preliminary injunction motion.  Plaintiff opposes the discovery motion.  The matter

was heard, on an expedited basis, on May 27, 2010.  Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

A party may not seek discovery from any source before the parties have conferred as required by Fed. R. Civ. P. 26(f), unless authorized by the Federal Rules of Civil Procedure, by stipulation, or by court order.  FED. R. CIV. P. 26(d)(1).  The court applies a good cause standard in determining whether expedited discovery is warranted, balancing the benefit to the requesting party against the possible prejudice or hardship on the responding party.  See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002).

"'The good cause standard may be satisfied where a party seeks a preliminary injunction.'"  American Legalnet, Inc. v. Davis, 673 F. Supp.2d 1063, 1066 (C.D. Cal., 2009) (quoting Qwest Communications Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003)).  "But expedited discovery is not automatically granted merely because a party seeks a preliminary injunction."  Id.  Rather, in deciding whether to grant a request for expedited discovery in connection with a preliminary injunction hearing, a court examines the reasonableness of the request in light of all the surrounding circumstances.  Id. at 1067.  Among the factors commonly considered in determining the reasonableness of expedited discovery are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the responding party in complying with the request; and (5) how far in advance of the typical discovery process the request was made.  Id.; Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 4, 6 (D. D.C. 2006).  "[I]n every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery.'"  American Legalnet, Inc., 673 F. Supp.2d at 1067 (quoting Qwest Communications Int'l, Inc., 213 F.R.D. at 419).

Here, defendants seek leave to take two depositions, including a deposition of plaintiff's President and CEO, Paul Mishkin.  They also wish to propound seven interrogatories and ten requests for production, which seek information pertaining or relating to a broad array of topics,

including (a) plaintiff's intent in selecting the "IXL" mark, (b) Quia's advertising and marketing channels, as well as past, present and future marketing strategies, (c) Quia's revenues and sales, and (d) a breakdown of Quia's subscribers.  Many of these requests, as drafted, appear to seek full-blown merits discovery that this court is not prepared to order at this juncture and on an abbreviated schedule.  Nevertheless, Quia acknowledges that defendants' proposed discovery may pertain in some fashion to the so-called  "controlling troika" in the Sleekcraft analysis.  See Maxim Integrated Products, Inc. v. Quintana, 654 F. Supp.2d 1024, 1031 (N.D. Cal. 2009) (quoting GoTo.com, Inc. v .Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir. 2000); see also AMF v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979).  This court is not in a particularly good position to parse through each request to try to decide what may be fair game now and what is not.  The parties are certainly in a better position to reach agreement on that if they choose to try.

Accordingly, after weighing competing legitimate interests and possible prejudice, and having considered the record before the court in view of the circumstances presented, this court finds that defendants' motion should be granted in part and denied in part as follows:

1.     Defendants may depose Paul Mishkin and Yoram Wind, Ph.D about the declarations (and appended exhibits) they submitted in support of Quia's motion for preliminary injunction.  Each deposition shall (a) be limited to 3.5 hours; (b) occur at a time, place and location to be agreed upon by the parties, the deponents, and their counsel; and (c) be completed by **June 11, 2010**.

2.     Absent an agreement between the parties as to written discovery (interrogatories or documents), defendants may also proceed with three of their proposed document requests of their choosing.  **No later than 2:00 p.m. on May 28, 2010**, defendants shall identify the chosen three requests to plaintiff.  **No later than June 4, 2010**, plaintiff shall respond to defendants' chosen three requests and produce non-privileged, responsive documents.  Although some of defendants' chosen requests might purport to call for the production "all documents," at this time plaintiff shall only be obliged to produce documents sufficient to show the information being sought.

3.      Defendants' motion is denied in all other respects.

SO ORDERED.

Dated:    May 27, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5:10-cv-01902-JF Notice has been electronically mailed to:

Bobby A. Ghajar      ghajarb@howrey.com, ramosm@howrey.com

J. Michael Keyes      mike.keyes@klgates.com, rosemary.wood@klgates.com

Kathryn Mary Wheble      kwheble@klng.com

Robert Nathan Phillips      phillipsr@howrey.com, kalaheled@howrey.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

5