

1  Bobby A. Ghajar (SBN 198719)
   ghajarb@howrey.com
2  Peter E. Moll (*Admitted pro hac vice*)
   mollp@howrey.com
3  HOWREY LLP
   550 S. Hope Street, Suite 1100
4  Los Angeles, California 90071
   Telephone:  (213) 892-1800
5  Facsimile:  (213) 892-2300
   Attorneys for Defendants/Counterclaimants
6  Mattel, Inc. and Fisher-Price, Inc.

7

8  Robert L. Meylan (SBN 144031)
   rmeylan@murphyrosen.com
   Shaunt T. Arevian (SBN 237698)
9  sarevian@murphyrosen.com
   MURPHY ROSEN & MEYLAN LLP
10 100 Wilshire Boulevard, Suite 1300
   Santa Monica, California 90401-1142
11 Telephone:  (310) 899-3300
   Facsimile:  (310) 399-7201
12

13 Steven M. Weinberg (SBN 235581)
   smweinberg@cdas.com
   COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
14 30765 Pacific Coast Highway, Suite 411
   Malibu, California 90265
15 Telephone: (310) 457-6100
   Facsimile: (310) 457-9555
16 Attorneys for Plaintiff/Counter-Defendant

17          IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
18

19 QUIA CORPORATION, a Delaware
   corporation,                          )
20                                       )   Case No:  CV 10 1902 JF (HRL)
                                         )
21        Plaintiff/Counter-Defendant,   )   [PROPOSED] STIPULATED
                                         )   PROTECTIVE ORDER
22 vs.                                   )
                                         )   (MODIFIED BY THE COURT)
23 MATTEL, INC., a Delaware corporation; and )
   FISHER-PRICE, INC., a Delaware corporation, )
24                                       )
                                         )
25        Defendants/Counterclaimants.   )
                                         )
26

27

28

*E-FILED 10-12-2010*

## 1.   GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of highly sensitive financial, business, or proprietary information, or other confidential or private information, that has not been disseminated to the public at large, which is not readily discoverable by competitors, and has been the subject of reasonable efforts by the respective parties and/or third parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal, nor does anything herein prejudice the right of any party to object to the production of any discovery material that is legally protected from disclosure.

## 2.   DEFINITIONS

2.1.   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staff).

2.2.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, depositions, subpoenas, or responses to discovery in this matter.

2.3.   <u>Trade Secret</u>:  information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

2.4    "CONFIDENTIAL" Information or Items:  Disclosure or Discovery Material that qualifies for protection under standards developed under Fed. R. Civ. P. 26(c), which shall only be disclosed to any Party to this litigation, as set forth in section 7.2 below.  Such information should fall into, but is not limited to, one or more of the following categories:  (i) sales, marketing, product, or service development strategies, tactics, or plans; (ii) sketches or mock-ups of designs; (iii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vi) third-party information covered by an obligation of confidentiality.

2.5.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Disclosure or Discovery Material that is extremely sensitive — such as trade secrets, confidential proprietary information, or highly sensitive business strategies, plans, or developments — and whose disclosure to any person other than the parties' respective outside counsel (Murphy Rosen & Meylan LLP and Cowan, Debaets, Abrahams & Sheppard LLP for Plaintiff and Howrey LLP for Defendants) as set forth in section 7.3 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.6.    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party, as defined herein.

2.7.    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall also include abstracts, compilations, or summaries of documents or information that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.10.   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11.   <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12.   <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

2.13.   <u>Retained Expert or Consultant</u>:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee, or scheduled to become an employee, of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

Any Protected Material may not be disseminated or disclosed outside the parameters of this Stipulated Protective Order, subject to the terms thereof, whether that disclosure embodies the entirety of a designated document or any portion or segment thereof.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Nothing contained herein, however, is intended to limit or prevent a Party from introducing evidence at trial to prove its case.  The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each party shall

assemble and destroy or return all designated materials, including copies, to the person(s) and entity(ies) from whom the material was obtained.

The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed or returned, as applicable, and that affirms that the Receiving Party has not retained any copies, reproductions, scans, or any other form of duplicating any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all pleadings, abstracts, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain, summarize, describe, reference, or refer to Protected Material, so long as Counsel safeguards and limits access to that archival copy.  The attorney of record may retain one (1) copy of the designated information attached to any pleading filed with the Court or marked as an exhibit to a deposition, or which is part of deposition testimony.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those materials, documents, items, or oral or written communications, or parts thereof, that qualify; such that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Designations that are shown to be clearly unjustified, or made in bad faith, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions as provided for under the Local Rules and the Federal Rules of Civil Procedure.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must withdraw such mistaken designation and promptly notify all other parties, in writing, that it is withdrawing the mistaken designation.

5.2.   <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated, ordered, or agreed in writing or on the record, any material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)   <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection may be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

-6-

protected portion(s) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     For testimony given in deposition or in other proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, gives, or requests to designate the testimony as protected, may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days after the date of mailing of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 30-day period shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall conspicuously affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty so designating.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

-7-

(d)     Inadvertent Failures to Designate. If corrected within thirty (30) days of disclosure, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation — thirty (30) days — must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, subject to the provisions below.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In so conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  Upon notice, the Designating Party has seven (7) days, unless otherwise agreed, to respond to the request for re-designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

6.2.     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be filed in accordance with Local Rules 7 and 37, unless the circumstances justify the filing of an ex parte application. **Any *ex parte* motions shall be filed in compliance with Civil Local Rule 7-10.**  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  **On any motion challenging a confidentiality designation, the Designating Party shall bear the burden of persuasion.**

-8-

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  Following final resolution of the litigation, a Receiving Party shall comply with the provisions of Section 4, above, and Section 11, below.   Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of record in this action (Murphy Rosen & Meylan LLp and Cowan, Debaets, Abrahams & Sheppard LLP for Plaintiff and Howrey LLP for Defendants), as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)      Retained Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound " (Exhibit A);

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone

-9-

Case No. CV 10-1902 JF (HRL)
[PROPOSED] STIPULATED PROTECTIVE ORDER
DM_US:23235814_1

except as permitted under this Stipulated Protective Order.   Any party seeking to use CONFIDENTIAL information during a deposition of a non-party shall obtain a statement on the record that the non-party deponent has agreed to abide by the terms of this Stipulated Protective Order.

(g)   the author and named recipients of the document, persons who have previously had access to the documents or CONFIDENTIAL Information other than through discovery or disclosures in the litigation, and the original source of the information.

7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Retained Experts or Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A),

(c)   the Court and its personnel;

(d)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e)   the author of the document or the original source of the information.

Nothing herein, however, is intended to prohibit or proscribe the ability of outside counsel to provide to its client informed and meaningful advice, or to prevent counsel from aggregating and generally summarizing counsel's interpretation of the implications of such information as it relates to the litigation, so long as it will not reveal or disclose the specific contents of any document or information, including any figures and statistics therein, designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

-10-

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena, or an order issued in other litigation or Court proceedings, that requires disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by electronic mail and/or fax, if possible) promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to seek to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and, (d) request that such person or party execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

-11-

1    **10.    FILING PROTECTED MATERIAL**

2         In the event that any Party decides to file with or submit to the Court any Protected Material,

3    Counsel shall take appropriate steps to ensure the continuing confidentiality of the Protected Material.

4    Counsel for the Party seeking to file or submit the Protected Material to the Court ~~shall request that the~~ **must comply with**

     **Civil Local Rule 79-5 and General Order No. 62.**

5    ~~portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written~~

6    ~~application and proposed order, along with the portion(s) of the document(s) submitted for filing under~~

7    ~~seal, in accordance with the Local Rules.  Pending the ruling on the application, the papers or portions~~

8    ~~thereof subject to the sealing application shall be lodged under seal.~~

9    **11.    MISCELLANEOUS**

10        11.1.    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the

11   right of any person to seek its modification by the Court in the future.

12        11.2.    <u>Right to Assert Other Objections</u>.  By agreeing to the entry of this Stipulated

13   Protective Order, no Party waives any right it otherwise would have to object to disclosing or

14   producing any information or item on any ground not addressed in this Stipulated Protective Order.

15   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material

16   covered by this Stipulated Protective Order.

17        11.3.    <u>Effect of Designation on Authenticity and Admissibility</u>.  The placing of any

18   confidentiality designation or a production identification label on the face of any document shall not

19   affect the document's authenticity or admissibility in this action.

20        11.4.    <u>Continuing Jurisdiction</u>.  All provisions of this Stipulated Protective Order shall

21   continue to be binding after the conclusion of this action in its entirety, unless subsequently modified

22   by agreement between the parties or order of the Court~~, and the~~ **The** Court shall retain jurisdiction of this

23   matter for the purpose of enforcing this Stipulated Protective Order. **for a period of six months after**

24   ///    **the final termination of this action.**

25   ///

26   ///

27

28                                         -12-

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated:  10 — 11 — 10

3  _Kohn S. Meylan_

4  Robert L. Meylan
   Shaunt T. Arevian

5  MURPHY ROSEN & MEYLAN LLP
   100 Wilshire Bouelvard, Suite 1300

6  Santa Monica, California 90401-1142
   (310) 899-3300

7  (310) 399-7201 (fax)

8  and

9

10  Steven M. Weinberg
    COWAN, DEBAETS, ABRAHAMS &

11  SHEPPARD LLP
    30765 Pacific Coast Highway, Suite 411

12  Malibu, California 90265
    (310) 457-6100

13  (310) 457-9555 (fax)

14  Attorneys for Plaintiff/Counter-defendant

15

16  Dated: _____

17  Bobby A. Ghajar
    HOWREY LLP

18  550 South Hope Street, Suite 1100
    Los Angeles, California  90071

19  Telephone:  (213) 892-1800
    Facsimile:  (213) 892-2300

20
    Peter E. Moll (*Admitted pro hac vice*)

21  HOWREY LLP
    1299 Pennsylvania Avenue, NW

22  Washington, DC  20004-2402
    Telephone:  (202) 783-0800

23  Facsimile:  (202) 383-6610

24  Counsel for Defendants/Counterclaimants

25

26

27

28                         -13-

HOWREY LLP

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: _____

3

4                                      _____
                                       Robert L. Meylan
5                                      Shaunt T. Arevian
                                       MURPHY ROSEN & MEYLAN LLP
6                                      100 Wilshire Bouelvard, Suite 1300
                                       Santa Monica, California 90401-1142
7                                      (310) 899-3300
                                       (310) 399-7201 (fax)
8
                                       and
9

10                                     _____
                                       Steven M. Weinberg
11                                     COWAN, DEBAETS, ABRAHAMS &
                                       SHEPPARD LLP
12                                     30765 Pacific Coast Highway, Suite 411
                                       Malibu, California 90265
13                                     (310) 457-6100
                                       (310) 457-9555 (fax)
14                                     Attorneys for Plaintiff/Counter-defendant

15

16
    Dated: _____
17                                     _____
                                       Bobby A. Ghajar
18                                     HOWREY LLP
                                       550 South Hope Street, Suite 1100
19                                     Los Angeles, California  90071
                                       Telephone:  (213) 892-1800
                                       Facsimile:  (213) 892-2300
20
                                       Peter E. Moll (*Admitted pro hac vice*)
21                                     HOWREY LLP
                                       1299 Pennsylvania Avenue, NW
22                                     Washington, DC  20004-2402
                                       Telephone:  (202) 783-0800
23                                     Facsimile:  (202) 383-6610

24                                     Counsel for Defendants/Counterclaimants

25

26

27

28                                          -13-

HOWREY LLP

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2 | Dated: _____

3

4 |            _____
Robert L. Meylan
Shaunt T. Arevian

5 | MURPHY ROSEN & MEYLAN LLP
100 Wilshire Bouelvard, Suite 1300

6 | Santa Monica, California 90401-1142
(310) 899-3300

7 | (310) 399-7201 (fax)

8 | and

9

10 | _____
Steven M. Weinberg
COWAN, DEBAETS, ABRAHAMS &

11 | SHEPPARD LLP
30765 Pacific Coast Highway, Suite 411

12 | Malibu, California 90265

13 | (310) 457-6100
(310) 457-9555 (fax)

14 | Attorneys for Plaintiff/Counter-defendant

15

16 | Dated: 10/11/10

17 | _____
Bobby A. Ghajar
HOWREY LLP

18 | 550 South Hope Street, Suite 1100
Los Angeles, California 90071

19 | Telephone: (213) 892-1800
Facsimile: (213) 892-2300

20

21 | Peter E. Moll (*Admitted pro hac vice*)
HOWREY LLP

22 | 1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402

23 | Telephone: (202) 783-0800
Facsimile: (202) 383-6610

24 | Counsel for Defendants/Counterclaimants

25

26

27

28 |          -13-

HOWREY LLP

**ORDER**

**as modified by the court,**

The foregoing Stipulated Protective Order is approved and shall be the Order of the Court.

^

_____
Hon. ~~Jeremy Fogel~~ Howard R. Lloyd
United States ~~District Court~~ Judge
Magistrate

-14-

1    **EXHIBIT A**

2    **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of

4    _____ [print or type full

5    company name and address], declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States District Court for the

7    Northern District of California on _____ [date] in the case of <u>Quia Corporation v. Mattel, Inc.</u>

8    <u>and Fisher-Price, Inc.</u>, Case No. CV10-1902.  I agree to comply with and to be bound by all the terms

9    of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10   expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

11   disclose in any manner any information or item that is subject to this Stipulated Protective Order to any

12   person or entity except in strict compliance with the provisions of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the Central

14   District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

15   such enforcement proceedings occur after termination of this action.

16

17   Date: _____

18   City and State where sworn and signed: _____

19   Printed name: _____

20

21   Signature: _____

22

23

24

25

26

27

28

-15-