**\*E-FILED 05-17-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUIA CORPORATION, | No. C10-01902 JF (HRL) |
| Plaintiff, | **ORDER (1) GRANTING IN PART DEFENDANTS' MOTION FOR AN ORDER SHORTENING TIME; AND (2) SETTING DEADLINES FOR FURTHER MEET-AND-CONFER AND JOINT STATUS REPORT** |
| v. | |
| MATTEL, INC. and FISHER-PRICE, INC., | |
| Defendants. | **[Re: Docket No. 96]** |

Defendants move for an order shortening time on their motion to compel expert discovery. The crux of the instant discovery dispute is that plaintiff refuses to respond to defendants' expert subpoenas (seeking expert depositions and documents pertaining to plaintiff's experts' reports) on the ground that the time for such discovery has passed. Plaintiff's position, however, is unjustified in view of Judge Fogel's scheduling order setting June 3, 2011 as the expert discovery cutoff. (See Docket No. 94). Plaintiff suggests that the period for expert discovery does not contemplate or include service of expert subpoenas seeking documents and testimony relating to plaintiff's experts' reports. That proposition is contrary to any reasonable reading of the court's scheduling order. Indeed, this court wonders why this issue required a motion and takes a dim view of what appears to be gamesmanship by plaintiff designed to thwart the progress of expert discovery. This is particularly so when the parties

have been directed to "cooperate in good faith to schedule expert discovery before [the June 3, 2011] deadline." (Id. at 2).

The parties' respective papers also allude to disputes—other than timing—over defendants' requested expert discovery. On the record presented, however, this court finds that there has been insufficient meet-and-confer on those particular issues. See Civ. L.R. 1-5(n).

Accordingly, defendants' motion for an order shortening time is granted in part, and this court further orders as follows:

Within the next 3 days, the parties' attorneys shall meet and confer in person, face-to-face about the issues, other than timing, pertaining to the discovery sought by defendants' expert subpoenas. The meet-and-confer shall be attended by lead counsel for each side. If lead counsel are not the most familiar with the issues to be discussed, then the attorney(s) who are most knowledgeable shall also attend the meeting. If, after 3 days all of the issues have not been resolved, then no later than **5:00 p.m. on May 24, 2011**, the parties shall file a joint status report, not to exceed 7 pages, (1) certifying their compliance with this order, (2) identifying the issues (if any) that remain in dispute and (3) stating the parties' respective positions (and the basis for each party's position) as to each one. Upon review of that status report, the court will decide whether it will hold a hearing and will provide notice to the parties accordingly.

SO ORDERED.

Dated:   May 17, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-01902-JF Notice has been electronically mailed to:

Bobby A. Ghajar     bobby.ghajar@pillsburylaw.com, grady.johnson@pillsburylaw.com

Kelly Wong Craven     kelly.craven@pillsburylaw.com

Mark J. Nagle     mnagle@murphyrosen.com, riwata@murphyrosen.com

Peter Edward Moll , Esq     Peter.Moll@cwt.com, Matthew.Penfield@cwt.com

Robert L. Meylan     rmeylan@murphyrosen.com, mtapia@murphyrosen.com

Shaunt Toros Arevian     sarevian@murphyrosen.com

Shaw Pittman     Shaw.Pittman@cwt.com

Steven Marc Weinberg     smweinberg@cdas.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.