ROBERT L. MEYLAN (SBN 144031)
rmeylan@murphyrosen.com
SHAUNT T. AREVIAN (State Bar No. 237698)
sarevian@murphyrosen.com
MURPHY ROSEN MEYLAN & DAVITT LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone:  (310) 899-3300
Facsimile:   (310) 399-7201

STEVEN M. WEINBERG (SBN 235581)
smweinberg@holmesweinberg.com
HOLMES WEINBERG, P.C.
30765 Pacific Coast Highway, Suite 411
Malibu, California 90265
Telephone:  (310) 457-6100
Facsimile:  (310) 457-9555

Attorneys for Plaintiff and Counter-Defendant
IXL Learning, Inc. (formerly Quia Corporation)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| QUIA CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation;<br>FISHER-PRICE, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. CV 10-1902-JF (HRL)<br><br>**JOINT WITNESS LIST; BRIEF SUMMARIES OF EXPECTED TESTIMONY AND TIME ESTIMATES**<br><br>Pre-Trial Conf.:   July 15, 2011<br>Time:                   11:00 a.m.<br>Place:    Courtroom of the Hon. Jeremy<br>              Fogel, Courtroom 3, 5th Floor |

Pursuant to the Court's Standing Order Re: Pretrial Preparation, the parties hereby submit the following Joint Witness List With Brief Summaries of Expected Testimony and Time Estimates.

I. **Plaintiff IXL Learning, Inc.'s Witness List:**

    1. Paul Mishkin:

        Direct Examination:   3 hours

        Cross Examination:   2 hours

Mr. Mishkin, the CEO and President of IXL Learning, Inc., will testify, inter alia, about the history of the company, the development of the IXL Learning Program, the selection of the IXL name for the Learning Program, the decision to apply for the IXL trademark, the registration of the mark, the advertising and marketing of the IXL Learning Program, the customers of the IXL Learning Program, revenues associated with the IXL Learning Program, plans for expansion—including an English service and mobile applications—by IXL Learning, Inc., licensing negotiations between IXL Learning and Rand McNally, future considerations regarding licensing of IXL, instances of confusion between the IXL Learning Program and iXL Learning System, the commercial and conceptual strength of the IXL trademark, the proximity of the IXL Learning Program and the iXL Learning System including a comparison of the relative features, the sophistication of consumers of the IXL Learning Program and the harm that IXL Learning has suffered as a result of defendants' infringement of the IXL trademark.

    2. Jennifer Gu:

        Direct Examination:   1.5 hour

        Cross Examination:   0.75 hour

Ms. Gu, a Senior Vice President of IXL Learning, Inc. will testify, inter alia, about the sales, marketing and advertising of the IXL Learning Program, a description of the customers of the IXL Learning Program and the accounting and financial reporting of IXL Learning.

    3. Joseph Kent:

        Direct Examination:   1 hour

        Cross Examination:   .50 hour

1   Mr. Kent, the Chief Technology Officer of IXL Learning, Inc., will testify, <u>inter alia</u>,
2  about the collection and preservation of emails from third parties which evidence a likelihood
3  of confusion, IXL Learning's efforts to improve its Search Engine Optimization, metrics to
4  evaluate the effectiveness of those efforts and to otherwise track traffic to and from the
5  www.ixl.com website,

6    4.    <u>Karen Bettucchi</u>:

7        Direct Examination:    0.10 to 0.25 hour

8        Cross Examination:    .25 hour

9   Ms. Bettucchi, Technical Support Manager of IXL Learning, Inc., will testify, <u>inter alia</u>,
10  about a January 6, 2011 telephone inquiry from an individual in New Jersey inquiring about
11  how to install additional programs on an iXL Fisher-Price handheld device.

12    5.    <u>Jessica Blatnik</u>:

13        Direct Examination:    0.10 to 0.25 hour

14        Cross Examination:    .25 hour

15  Ms. Blatnik, a Senior Sales Consultant at IXL Learning, Inc. will testify, <u>inter alia</u>,
16  about specific instances in which while interviewing job candidates, the candidates made
17  statements to her and/or asked questions which indicated they were confused as to the
18  connection or affiliation between the IXL Learning Program and the iXL Learning System.
19  Ms. Blatnik will also testify about a conversation she had with a teacher at a National Council
20  of Teachers conference in which the teacher asked her if IXL Learning was the Fisher-Price
21  iXL.

22    6.    <u>Kevin Davis</u>:

23        Direct Examination:    0.10 to 0.25 hour

24        Cross Examination:    .25 hour

25  Mr. Davis, a Sales Consultant at IXL Learning, Inc., will testify, <u>inter alia</u>, about a job
26  interview he conducted during which the candidate indicated his understanding that, based upon
27  internet research, IXL Learning was affiliated with Fisher-Price.

28

7. Kayla Johnson:

   Direct Examination:    0.10 to 0.25 hour

   Cross Examination:    .25 hour

Ms. Johnson, a Customer Service Associate at IXL Learning, Inc., will testify, inter alia, about a telephone conversation he had with a customer who was searching the www.Target.com website looking for the Fisher-Price iXL and was confused between the IXL Learning Program and the iXL Learning System.

8. Kathleen Kiely:

   Direct Examination:    0.10 to 0.25 hour

   Cross Examination:    .25 hour

Ms. Kiely, Senior Marketing Coordinator at IXL Learning, Inc., will testify, inter alia, about a telephone conversation she had with a customer in which the customer asked if IXL Learning produced the iXL Fisher-Price handheld device.  The customer indicated that, based upon her internet research, she though IXL Learning produced the iXL Learning System.

9. Amanda Stender:

   Direct Examination:    0.10 to 0.25 hour

   Cross Examination:    .25 hour

Ms. Stender, a Sales Consultant at IXL Learning, Inc., will testify, inter alia, about a telephonic job interview she conducted in which a candidate asked about IXL Learning's relationship with Fisher-Price.

10. Sharoni Finkelstein:

   Direct Examination:    0.50 hour

   Cross Examination:    .25 hour

Ms. Finkelstein is counsel for IXL Learning, Inc. Ms. Finkelstein will offer testimony to authenticate certain of IXL Learning's trial exhibits, including screenshots of various websites and photographs taken at various retailers of the iXL Learning System.

**Note:

The following six individuals are all employees of either Fisher-Price or Mattel. Each was deposed in this action and resides beyond the range of a trial subpoena. IXL Learning plans to present testimony from these witnesses by way of deposition during its case-in-chief. Defendants have indicated that they plan to counter-designate additional testimony and then present live testimony from each of these witnesses during their case-in-chief. IXL Learning will then cross-examine the witnesses based upon their live testimony.

With respect to Ms. Saffiudin and Mr. Raina, a significant amount of the deposition testimony will be introduced to authenticate Fisher-Price internal documents such as Fisher-Price memoranda and emails.

In order to save trial time, IXL Learning proposed the following stipulation to defendants:

Plaintiff IXL Learning will agree to significantly reduce the amount of deposition testimony it will introduce through these witnesses-- especially with respect to the authentication of documents--and will instead cross-examine the witnesses after defendants present their direct testimony during defendants' case-in-chief. To the extent IXL Learning introduces deposition testimony, defendants will retain the right to object on the grounds of cumulative testimony during cross-examination. In exchange, defendants will agree: (1) to stipulate to the authentication of documents produced in this litigation, especially those that are marked "Highly-Confidential: Attorneys' Eyes Only," (2) that the scope of IXL Learning's cross-examination of these witnesses will not be limited by the scope of their direct examinations, and (3) that they will not make a directed verdict motion until after the completion of these witnesses' testimony.

Defendants are still considering IXL Learning's proposed stipulation.

The estimates for these witnesses' direct examination is based upon the time to play excerpts of their video-taped depositions.

11. <u>Shehnaz Saffiudin  (by deposition)</u>:**

Direct Examination:   2.0 hours

Cross Examination:   ___ hour

1    Ms. Saffiudin, Fisher-Price's primary Rule 30(b)(6) designee, will testify, <u>inter alia</u>,
2  regarding the research and design of the iXL Learning System, her knowledge regarding the
3  selection of the name "iXL" for the Learning System, the marketing and advertising of the
4  product, Fisher-Price's market research into what meaning, if any, customers ascribe to the
5  name "IXL," Fisher-Price's expansion of the functionality of the iXL Learning System into
6  Internet downloads and links to third party websites for additional content, the features which
7  consumers consider in purchasing the iXL Learning System and competitors of the iXL
8  Learning System.

9        12.    <u>Nagendra Reina (by deposition)</u>:**
10              Direct Examination:    1.5 hour
11              Cross Examination:    ___ hour

12    Mr. Raina, will testify, <u>inter alia</u>, regarding the research and design of the iXL Learning
13  System, her knowledge regarding the selection of the name "iXL" for the Learning System, the
14  marketing and advertising of the product, Fisher-Price's market research into what meaning, if
15  any, customers ascribe to the name "IXL," Fisher-Price's expansion of the functionality of the
16  iXL Learning System into Internet downloads and links to third party websites for additional
17  content, the features which consumers consider in purchasing the iXL Learning System and
18  competitors of the iXL Learning System.

19        13.    <u>Kathleen Kremer (by deposition)</u>:**
20              Direct Examination:    1.0 hour
21              Cross Examination:    ___ hour

22    Ms. Kremer will testify, <u>inter alia</u>, regarding the research and design of the iXL
23  Learning System, her knowledge regarding the selection of the name "iXL" for the Learning
24  System, the marketing and advertising of the product, Fisher-Price's market research into what
25  meaning, if any, customers ascribe to the name "IXL," Fisher-Price's expansion of the
26  functionality of the iXL Learning System into Internet downloads and links to third party
27  websites for additional content, the features which consumers consider in purchasing the iXL
28  Learning System and competitors of the iXL Learning System.

1  14.   Diane Gambino (by deposition):**
2         Direct Examination:   1.0 hour
3         Cross Examination:    ___ hour

4  Ms. Gambino will testify, inter alia, regarding the research and design of the iXL Learning System, her knowledge regarding the selection of the name "iXL" for the Learning System, the marketing and advertising of the product, Fisher-Price's market research into what meaning, if any, customers ascribe to the name "IXL," Fisher-Price's expansion of the functionality of the iXL Learning System into Internet downloads and links to third party websites for additional content, the features which consumers consider in purchasing the iXL Learning System and competitors of the iXL Learning System.

11  15.   Michelle Zimmer (by deposition):**
12         Direct Examination:   1.0 hour
13         Cross Examination:    __ hour

14  Ms. Zimmer will testify, inter alia, regarding the research and design of the iXL Learning System, her knowledge regarding the selection of the name "iXL" for the Learning System, the marketing and advertising of the product, Fisher-Price's market research into what meaning, if any, customers ascribe to the name "IXL," Fisher-Price's expansion of the functionality of the iXL Learning System into Internet downloads and links to third party websites for additional content, the features which consumers consider in purchasing the iXL Learning System and competitors of the iXL Learning System.

21  16.   Brian Erickson (by deposition):**
22         Direct Examination:   1.0 hour
23         Cross Examination:    ___ hour

24  Mr. Erickson, a Senior Vice President of defendant Mattel, Inc. and the sole Mattel Rule 30(b)(6) designee, will testify, inter alia, regarding Mattel's involvement in the research and design of the Fisher-Price iXL Learning System, Mattel's involvement in the production, marketing, advertising and sale of the iXL Learning System, Mattel's involvement in the selection and adoption of the iXL name, Mattel's trademark search in January 2010 regarding

the IXL trademark, Mattel's application for trademark registration of the IXL name—including the content of the application, Mattel's abandonment of the application in April 2010 and Mattel's re-filing of a new trademark application for IXL.

      17.    <u>Dr. Henry Ostberg</u>:

           Direct Examination:   1.5 hour

           Cross Examination:    1.25 hour

Dr. Ostberg will testify about: (1) his qualifications and experience in the field of consumer and survey research; (2) the survey he conducted to determine whether or not there is a likelihood of reverse confusion as to source or affiliation between Plaintiff IXL Learning's IXL Learning Program and defendants' iXL Learning System among parents and teachers of children in Pre-K to the eighth grade; (3) the bases for his conclusion that there was a net likelihood of reverse confusion of 14% between Plaintiff's IXL Learning Program and Fisher-Price's iXL Learning System, after adjusting for a control; and (4) criticisms of the opinions and testimony of defendants' designated expert, Dr. Itamar Simonson.

      18.    <u>David Drews</u>:

           Direct Examination:   1.5 hour

           Cross Examination:    1.25 hour

Mr. Drews will testify regarding: (1) his qualifications and experience in the field of measuring damages in Intellectual Property cases; (2) the investigation and analysis he undertook to determine if, and to what extent, Plaintiff IXL has suffered damage as a result of defendants' infringement of the IXL trademark; (3) his opinions regarding the measurement and quantification of the damages Plaintiff IXL Learning has suffered; (4) the amount of unjust enrichment defendants have obtained as a result of their infringement of Plaintiff's IXL trademark; and (5) his criticisms of the opinions and testimony of defendants' retained expert, Krista Holt.

19. <u>Allison Druin</u>:

Dr. Druin will testify about: (1) her qualifications and experience in the field of computer-human interaction and the use by children of technology; (2) the impact of technology convergence and mobile learning on the relatedness of educational content and the technology through which it is accessed, and the nature of the extensive work Dr. Druin's University of Maryland computer-interaction lab is doing in this field (with educational entities like Sesame Workplace and public television) and how this relates to the relatedness of online learning programs and hand-held learning devices; (3) the similarities in content and other aspects between the learning systems in issue from the perspective of the user and parent; (4) the perception by children and their parents of the use by Fisher-Price of iXL as it impacts on Plaintiff; and (5) her criticisms of the opinions and testimony of defendants' designated expert, Dr. Douglas Clements.

    Direct Examination:   1.25 hour

    Cross Examination:    1 hour

20. <u>Peter Kent</u>:

    Direct Examination:   1.25 hour

    Cross Examination:    1 hour

Mr. Kent will testify about: (1) his qualifications and experience in the field of search engine optimization; (2) the online impact of defendants' use of the iXL name on Plaintiff; (3) his criticisms of the opinions and testimony of defendants' designated experts Shari Thurow and Itamar Simonson.

21. <u>Wes Anson</u>:

    Direct Examination:   1.0 hour

    Cross Examination:    1 hour

Mr. Anson will testify about: (1) his qualifications and experience in the field of trademark/brand licensing; (2) the nature of licensing and its impact on consumer perceptions about licensed brands and co-branded products; (3) Plaintiff's IXL mark as a brand and its potential for licensing into educational products, including children's hand-held learning

systems (4) why consumers are likely to perceive defendants' use of iXL as being connected with Plaintiff and its IXL learning system, and (5) his criticism of the opinions and testimony of defendants' designated expert Dr. Itamar Simonson.

**II.** **Defendants Mattel, Inc. and Fisher-Price, Inc.'s Witness List:**

Pursuant to the Court's Standing Order Regarding Pretrial Preparation, Section C(1), Defendants submit the following list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal. A brief statement summarizing the substance of the witnesses' testimony is also included. Defendants reserve the right not to call certain of these witnesses and further note that the pending motions before the Court may obviate or curtail the need to present testimony from certain of the witnesses.

1. Shehnaz Safiuddin:

   Direct Examination: 1.5 hour

   Cross Examination: 1.0 hour[1]

Background and history on Fisher-Price and its brands; operations at Fisher-Price; product lines; development of the iXL product; the process for selection of names at Fisher-Price; the conception and selection of the iXL name, and the process followed; functionality and content of Fisher-Price iXL hardware and software; consumer testing and focus groups; bringing the product to market; marketing and advertising; retail distribution; Fisher-Price's website; relationships and interactions with customers; internal testing and studies; target consumers; other testimony bearing on the lack of likelihood of confusion with Quia's math website; and sales and expenses.

2. Russ Coddington:

   Direct Examination: 1.0 hour

---

[1] Plaintiff notes that, with respect to the Fisher-Price and Mattel employees who were deposed (Safiuddin, Raina, Kremer, Erickson, Zimmer and Gambino) its time estimates for cross-examination are in addition to the time estimates for the reading of deposition testimony during its case-in-chief. Should Defendants agree to the proposed stipulation, Plaintiff will revise its time estimates.

|   |   |
|---|---|
| 1 | Cross Examination:   1.0 hour |

2   Background and history on Fisher-Price and its brands; operations at Fisher-Price;

3   process for bringing products to market; development of the iXL product; the process for

4   selection of names at Fisher-Price; the conception and selection of the iXL name, and the

5   process followed; management of same; marketing and advertising; internal testing and studies;

6   relationships with retail customers; other testimony bearing on the lack of likelihood of

7   confusion with Quia's math website; retail distribution; and sales and expenses.

8         3.   Nagendra Raina:

9             Direct Examination:   1.0 hour

10            Cross Examination:    0.75 hour

11  Fisher-Price's product lines; development of the Fisher-Price iXL product; the process

12  for selection of names at Fisher-Price; the conception and selection of the iXL name, and the

13  process followed; functionality and content of iXL hardware and software; consumer testing

14  and focus groups; bringing the product to market; marketing and advertising; Fisher-Price's

15  website; internal testing and studies; target consumers; other testimony bearing on the lack of

16  likelihood of confusion.

17        4.   Brian Erickson:

18            Direct Examination:   0.75 hour

19            Cross Examination:    0.50 hour

20  Background on Fisher-Price and Mattel; corporate relationships; Mattel's involvement

21  with the Fisher-Price iXL product; retailer relationships and the retail channel; marketing and

22  advertising; sales; and corporate policies.

23        5.   Michelle Zimmer:

24            Direct Examination:   0.75 hour

25            Cross Examination:    0.50 hour

26  Background on Fisher-Price; online marketing and advertising for the Fisher-Price iXL

27  product; social media/viral marketing campaign; Fisher-Price website; and other testimony

28  bearing on the lack of likelihood of confusion.

6. <u>Diane Gambino</u>:

    Direct Examination:   0.75 hour

    Cross Examination:   1.0 hour

Background on Fisher-Price; software development; functionality and content of the Fisher-Price iXL hardware and software; discussion of the various Fisher-Price iXL software titles; use of licensed characters and entertainment properties on software; and other testimony bearing on the lack of likelihood of confusion.

7. <u>Kathleen Kremer</u>:

    Direct Examination:   1.0 hour

    Cross-Examination:   1.0 hour

Background on Fisher-Price; consumer testing and focus groups; the development and consideration of the iXL product and product concepts and design; testing regarding the name; functionality and content of iXL hardware and software; and other testimony bearing on the lack of likelihood of confusion.

8. <u>Krista Holt</u>:

    Direct Examination:   1.0 hour

    Cross Examination:   0.75 hour

Expert testimony regarding Fisher-Price's sales, expenses, and profits and analysis of any asserted monetary damages. Expert testimony rebutting Mr. Drews' testimony.

9. <u>Shari Thurow</u>:

    Direct Examination:   1.0 hour

    Cross Examination:   0.75 hour

Expert testimony explaining search engine rankings and factors that cause changes in those rankings; prevalence of Plaintiff in search engine queries and resulting traffic; differences in the keywords that drive traffic to the parties' respective websites or information about the parties' respective products/services; third party websites that result from searches for ixl and variations thereof; various search engine queries and their results, and her findings; user search

tendencies on Google and other search engines; Plaintiff's search engine optimization; the parties' keyword purchases. Expert testimony in rebuttal of Mr. Kent's testimony.

10. <u>Itamar Simonson</u>:

    Direct Examination: 1.0 hour

    Cross Examination: 0.75 hour

Expert testimony regarding no likelihood of confusion among relevance consumers; his survey and findings; sophistication of consumers using the Google search engine; discussion criticizing Plaintiff's evidence of alleged "actual confusion." Expert testimony in rebuttal of Mr. Ostberg and Mr. Anson's testimony.

11. <u>Douglas Clements (rebuttal only witness)</u>:

    Direct Examination: 0.75 hour

    Cross Examination: 0.75 hour

Expert testimony in rebuttal of Ms. Druin's testimony.

12. <u>Paul Mishkin</u>:

    Direct Examination: 0.75 hour

    Cross Examination: 0.5 hour

Background on Plaintiff; background on www.ixl.com; Plaintiff's selection of the name IXL; corporate name change to IXL Learning Inc.; services provided by Plaintiff; discussion of Plaintiff's documents; Plaintiff's subscriptions; Plaintiff's marketing; Plaintiff's customers; Plaintiff's revenue, costs, and profits; Plaintiff's enforcement efforts; other testimony bearing on the lack of likelihood of confusion; Plaintiff's lack of damages.

13. <u>Jennifer Gu</u>:

    Direct Examination: 0.75 hour

    Cross Examination: 0.50 hour

Background on Plaintiff; background on www.ixl.com; services provided by Plaintiff; Plaintiff's subscriptions; discussion of Plaintiff's documents; Plaintiff's marketing; Plaintiff's revenue, costs, and profits; other testimony bearing on the lack of likelihood of confusion; and Plaintiff's lack of damages

14. <u>Joseph Kent</u>:

    Direct Examination:   0.75 hour

    Cross Examination:   0.50 hour

Background on Plaintiff; background on www.ixl.com; customer contacts and Plaintiff's various email addresses; services provided by Plaintiff; discussion of Plaintiff's documents; Plaintiff's subscriptions; Plaintiff's online activities; other testimony bearing on the lack of likelihood of confusion.

15. <u>Jennifer Moss</u>:

    Direct Examination:   0.25 hour

    Cross Examination:    0.25 hour

Testimony regarding IXL Learning Center's business, including its use of the name IXL; and knowledge of third party use of IXL, including the parties' uses of iXL and IXL.

16. <u>Melissa Sell</u>:

    Direct Examination:   0.25 hour

    Cross Examination:   0.25 hour

Testimony regarding IXL Learning Center's business, including its use of the name IXL; and knowledge of third party use of IXL, including the parties' uses of iXL and IXL.

17. <u>Colin Drake</u>:

    Direct Examination:   0.50 hour

    Cross Examination:   0.50 hour

1 As needed, testimony to authenticate and explain certain exhibits obtained from the internet.

DATED: July 14, 2011                               Respectfully submitted,

                                                   HOLMES WEINBERG, P.C.

                                                   MURPHY ROSEN MEYLAN & DAVITT LLP


                                                   By:         /s/ Robert L. Meylan
                                                                Robert L. Meylan
                                                   Attorneys for Plaintiff and Counter-Defendant
                                                   IXL Learning, Inc. (formerly Quia Corporation)


Dated: July 14, 2011                               PILLSBURY WINTHROP SHAW PITTMAN LLP

                                                   BOBBY A. GHAJAR
                                                   KELLY W. CRAVEN
                                                   725 South Figueroa Street, Suite 2800
                                                   Los Angeles, CA  90017-5406

                                                   By      /s/ Bobby A. Ghajar

                                                   CADWALADER, WICKERSHAM & TAFT LLP
                                                   PETER E. MOLL
                                                   700 Sixth Street, N.W.
                                                   Washington, DC 20001

                                                   Attorneys for Defendants/Counterclaimants
                                                   Mattel, Inc. and Fisher-Price, Inc.